UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20647-SCOLA/TORRES

**UNITED STATES OF AMERICA**

vs.

**STEPHON CORBETT,**

     **Defendant.**

_____/

**THE UNITED STATES OF AMERICA'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTIONS FOR
<u>A DOWNWARD VARIANCE AND SENTENCE OF HOME CONFINEMENT</u>**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response in Opposition to Stephon Corbett's ("Defendant") Motion for a Downward Variance (ECF No. 54) and Motion for a Sentence of Home Confinement (ECF No. 58). The United States opposes the relief requested by the Defendant for the following reasons.

**<u>INTRODUCTION</u>**

The Defendant moves this Court for a downward variance. The Defendant also moves this Court for a sentence of home confinement based on the speculative prospect of an uncontained COVID-19 outbreak in his Bureau of Prisons ("BOP") facility. As stated below, the current circumstances do not warrant a sentence of home confinement. Moreover, based on the Defendant's sentencing guideline range, the Defendant falls into "Zone D," meaning that in accordance with the United States Sentencing Guidelines ("USSG"), the Defendant's minimum term of incarceration

1

shall be satisfied by a sentence of imprisonment.   For these reasons, the Defendant's motions should be denied.

## BACKGROUND

On January 16, 2020, the defendant pled guilty to Counts Three and Six of a six-count Indictment.   Count Three charged the defendant with possession of fifteen or more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(3).   Count Six charged the defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A(a)(1).   The Defendant is scheduled for sentencing before this Court on March 31, 2020.

According to the Pre-trial Services Report ("PSR"), based on a Total Offense Level of 17 and a criminal history category of II, the guideline imprisonment range is 27 to 33 months, plus a consecutive term of imprisonment of 24-months as to Count Six (ECF No. 50,¶ 70), placing the Defendant in Zone D of the sentencing table.

## ARGUMENT

**A. The Defendant Should Be Sentenced at the Low End of the Guidelines.**

The United States recommends that a sentence at the low-end of the guidelines would be sufficient, but not more than necessary to serve the ends of justice.   The Defendant's guideline range is 27-33 months, plus a consecutive term of 24-months, which would be a total of 51 months.   A sentence at the low end of the guidelines would be a reasonable sentence that would reflect the seriousness of the Defendant's offense, provide deterrence, and promote respect for the law.   The Defendant asks this Court for a total sentence of 34 months imprisonment – that is a downward

variance of approximately 33%. The facts in this case simply do not warrant a departure from the guidelines. The Defendant did accept responsibility for his actions and he is already receiving credit for that.

The Government does not agree that both Defendants in this case are equally culpable. A review of the factual proffers singed by each Defendant establishes that among other actions taken, the Defendant Corbett recruited Defendant Horton, provided her with the fraudulent identification card that he had made for her, and arranged to purchase four (4) vehicles fraudulently. In other instances, Defendant Corbett would provide Horton with fraudulent credit cards and a list of items to purchase at luxury retail stores. In each of those instances, Corbett was directing Horton and orchestrating the fraudulent activity. Given the foregoing, a sentence at the low-end of the guidelines is appropriate and lawful.

### B. The Defendant is Not Eligible for Home Confinement.

The Defendant's guideline imprisonment range is 27-33 months, plus a consecutive term of imprisonment of 24-months as to Count 6. Based on this range, the Defendant falls into Zone D of the sentencing table. In accordance with the USSG, "if the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment." USSG § FC1.1(f). The comments provide further guidance, stating that, "where the applicable guideline range is in Zone D of the Sentencing Table (i.e., the minimum term of imprisonment specified in the applicable guideline range is 15 months or more), the minimum term must be satisfied by a sentence of imprisonment without the use of any of the

imprisonment substitutes in subsection (e)." *Id.*   The Defendant provides no support or authority for why the Court is otherwise authorized to impose a term of home confinement and as such, the request should be denied.

### C. BOP is adequately equipped to Address Issues Related to COVID-19.

The Defendant does not allege that he has COVID-19 or that he has been exposed to any individuals with COVID-19.  Nor does he specify any factors that make this particular Defendant more susceptible to this virus, or any factors for that matter that set this Defendant apart from other defendants who are being held across the country pending trial or serving their terms of incarceration.  The Defendant's arguments also ignore the BOP's aggressive preparations for COVID-19 and they would endorse the mass release of detainees into the community—jeopardizing, rather than promoting, public health and safety.  For these reasons, the Defendant's motion should be denied.

By virtue of being in a detention facility, the Defendant is in the presence of medical professionals at all times.  In the unlikely event that the Defendant were to become infected with COVID-19, he will be quarantined, monitored, and receive any needed treatment, consistent with the Center for Disease Control ("CDC") guidelines. There are sufficient resources to ensure that his medical needs, should they become an issue at any time, are addressed.

Furthermore, the BOP has established a comprehensive set of precautionary measures to limit the risk of COVID-19 transmission into, and inside of, prisons across the country.   *See* Federal Bureau of Prisons, Updates to BOP COVID-19

Action Plan: Inmate Movement (March 19, 2020) ("Updated BOP Action Plan"), available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp.

As of March 13, 2020, BOP implemented a protocol to protect the inmate population, including the following:

- *Social Visits:* Social visits are suspended for 30 days, at which time the suspension will be revaluated.

- *Inmate Movement:* All inmate internal movements will be suspended for 30 days, at which time the suspension will be reevaluated.

- *Legal Visits:* Legal visits will be suspended for 30 days, at which time the suspension will be reevaluated. Case-by-case approval at the local level and confidential legal calls will be allowed in order to ensure access to counsel.

- *Screening of Inmates:* Field sites should continue to screen inmates for COVID-19 following previously indicated practices:
    - All newly-arriving BOP inmates are screened for COVID-19 exposure risk factors and symptoms;
    - Asymptomatic inmates with exposure risk factors are to be quarantined;
    - Symptomatic inmates with exposure risk facts are to be isolated and tested for COVID-19 per local health authority protocols.

- *Modified Operations:* For the next 30 days, Wardens should implement modified operations to maximize social distancing in our facilities, as much as practicable. The suspension will be evaluated in 30 days.

*See* DOJ Action Plan, *supra.*

The Federal Detention Center ("FDC") further clarified their action plan announcing that any new arrestees will now be quarantined for fourteen (14) days and any prisoners who leave the prison for a hearing will be quarantined upon their return. At this time, only three inmates in BOP custody across the country have tested positive for COVID-19 and they are located in MDC Brooklyn and FCC Oakdale. *See* https://www.bop.gov/coronavirus/index.jsp. All three inmates are currently in isolation. *Id.* There are no reported cases at the FDC in Miami where the Defendant is being housed. *Id.*

In short, the fact that a new virus exists outside the facility walls is not grounds for a sentence of home confinement. Moreover, given that the Defendant's sentencing guideline range falls into "Zone D" of the sentencing table, the Defendant's minimum term must be satisfied by a sentence of imprisonment. Here, BOP has taken extraordinary steps to avoid or mitigate the virus' spread. In this case, Mr. Corbett has not stated any grounds upon which a sentence of home confinement is warranted.

## **CONCLUSION**

WHEREFORE, the Government respectfully requests that this Court deny the defendant's motions for a downward variance and sentence of home confinement.

                                                  Respectfully submitted,

                                                  ARIANA FAJARDO ORSHAN
                                                  UNITED STATES ATTORNEY

                                  BY:    /s/ *Yara L. Klukas*
                                                  YARA L. KLUKAS

>Assistant United States Attorney
>Florida Bar No. 73101
>99 NE 4 Street
>Miami, Florida 33132
>Tel: (305) 961-9102
>Yara.Klukas@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 27, 2020 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>/s/ *Yara L. Klukas*
>Yara L. Klukas
>Assistant United States Attorney